UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES GRAP,<br><br>              Plaintiff,<br><br>vs.<br><br>LA VISTA POLICE DEPARTMENT,<br><br>              Defendant. | CIV. 18-5060-JLV<br><br><br>ORDER |

**INTRODUCTION**

Plaintiff James Grap, appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging the La Vista Police Department of La Vista, Nebraska, used excessive force against him. (Docket 1). Plaintiff also filed two motions to proceed *in forma pauperis* and a motion to appoint counsel. (Dockets 2, 5, & 13). The court grants plaintiffs' motions to proceed *in forma pauperis*, but dismisses his complaint.

**I.**     ***In Forma Pauperis* Status**

Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed in forma pauperis. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In response to a court order, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison official. (Dockets 11 & 14). The report shows an average monthly deposit since he arrived at the institution at which he is currently incarcerated of $73.33, an average monthly balance of $5.36, and a current balance of $0.59. (Docket 14). Based on this information, the court grants plaintiff leave to proceed *in forma pauperis* provided he pays an initial partial filing fee of $14.66, which is 20 percent of $73.33. 28 U.S.C. § 1915(b)(1). Plaintiff must pay this initial partial filing fee by **September 19, 2019**. These findings do not discharge the $350 filing fee but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

## II. Prisoner Complaint Screening

### A. Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[],

regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because plaintiff is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

**B.     Analysis**

Two major issues prevent plaintiff's complaint from proceeding.  First, plaintiff sued only the La Vista Police Department, which is not a suable entity.  Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992).  Police departments are "simply departments or subdivisions of the City government."  Id.  The proper parties to an action alleging an unconstitutional use of force in this circumstance would likely be the City of La Vista under a Monell theory or the law enforcement officers who allegedly used unconstitutional force, in their individual or official capacities.  See Monell v. Dep't. of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978).

Second, even if plaintiff had sued the correct entities, the District of South Dakota would be the improper venue for this action.  The City of La Vista and its police officers are located in Nebraska.  Plaintiff does not assert those entities have any contacts with South Dakota, much less the required minimum contacts necessary to satisfy the Constitution's due process requirements.  See Wells Dairy, Inc. v. Food Movers Intern., Inc., 607 F.3d 515, 518 (8th Cir. 2010) (explaining standard federal courts must follow to determine if personal jurisdiction exists over defendants residing outside the forum state).  On the record present in this case, it appears the proper venue for this action would be the District of Nebraska.

Because the court must dismiss this case for both lack of a suable defendant and lack of personal jurisdiction over the named defendant or the likely proper defendants, it need not consider whether transfer to the District of Nebraska is "in the interest of justice[.]"  See 28 U.S.C. § 1406(a) (permitting a

4

district court to transfer a case to another district where venue would be proper); see also Herman v. Cataphora, Inc., 730 F.3d 460, 463-64 (5th Cir. 2013) (invalidating district court venue transfer where court found it lacked personal jurisdiction).

**ORDER**

Accordingly, it is

ORDERED that plaintiff's motions to proceed *in forma pauperis* (Dockets 2 & 13) are granted. Plaintiff shall pay the initial partial filing fee of $14.66 by **September 19, 2019**.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of plaintiff shall, whenever the amount in his inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court for the District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 5) is denied as moot.

Dated August 5, 2019.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE